## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL NEDAB, ) | |
|     Plaintiff ) | C.A. No. 06-54 Erie |
| ) | |
| v. ) | District Judge McLaughlin |
| ) | Magistrate Judge Baxter |
| TIM LENCER, ) | |
|     Defendant ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss [Document # 7] be granted.

**II.   REPORT**

On March 2, 2006, Plaintiff Abdul Nedab, an inmate at the State Correctional Institution at Houtzdale, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983. Named as Defendant is Tim Lencer, a Pennsylvania State Police Officer. Plaintiff alleges that Defendant violated his rights guaranteed by the first, fifth, eighth, and fourteenth amendments to the United States Constitution, by "intentionally and maliciously" filing false criminal charges against him, and refusing to investigate "known criminal assault against him," with the intent to deny him access to the courts. (Document # 3, Section IV.C, at ¶ 24). Additionally, Plaintiff avers that the Defendants' actions "violated Pa. State Tort Law claims under 28 U.S.C. § 1347."[1] As relief for his claims, Plaintiff seeks monetary damages and declaratory relief.

---

[1] The federal statute to which Plaintiff cites is entitled "Partition action where United States is joint tenant" and is inapplicable to the present case.

### A.     Relevant Procedural and Factual History

On November 1, 2005, Defendant was called to SCI-Forest, where Plaintiff was incarcerated at the time, to investigate an assault Plaintiff allegedly committed against Corrections Officer Coyne ("CO Coyne"). (Document # 3, Section IV.C, at ¶ 1).  When the investigation began, Plaintiff informed Defendant that he was the one who was assaulted by CO Coyne, and that the prison called for an investigation of him to "block [Plaintiff's] filing of formal charges and to conceal the crimes against [him]." (Id. at ¶ 2).  Despite the fact that Plaintiff informed Defendant that it was he, not C.O. Coyne, who had been assaulted, Defendant did not file criminal charges against C.O. Coyne, or investigate his alleged assault of Plaintiff. (Id. at ¶¶ 3-11, 21-23, 30).  Instead, Defendant charged Plaintiff with the summary charge of Harassment, which was later dismissed or *nolle prossed* before the local District Magistrate. (Id. at ¶¶ 13, 16, 17, 24).

On July 5, 2006, Defendant filed a Motion to Dismiss, arguing that Plaintiff's complaint should be dismissed because, *inter alia*:  (i) Plaintiff lacks standing to bring a claim based upon Defendant's failure to file criminal charges against C.O. Coyne; and (ii) Plaintiff's suit against Defendant for monetary damages is barred by the Eleventh Amendment. [Document # 7]. Plaintiff filed a response to Defendant's motion on August 31, 2006. [Document # 11].

Upon considering Defendant's motion, however, this Court noted that, while the caption of the Complaint identifies Defendant Lencer as the sole Defendant in this case, and although Defendant Lencer is the only individual or entity who has been served with the complaint in this matter, Plaintiff makes reference in the body of his Complaint to a "Defendant Sobina," and makes several allegations against "Defendants." (Document # 3, Complaint, caption and ¶¶ 12, 26, 28, 31-37).  As a result, this Court held a telephonic hearing on January 26, 2007, during which Plaintiff was asked if he intended to name individuals other than Defendant Lencer as Defendants in this case.  Plaintiff responded that, in addition to Defendant Lencer, he intended to name as defendants Raymond Sobina ("Sobina"), Superintendent at SCI-

Forest, and Jeffrey Miller ("Miller"), Commissioner of the Pennsylvania State Troopers. Plaintiff was, thus, ordered by this Court to serve Sobina and Miller with the Complaint in this matter on or before February 22, 2007, if he still intended to have them included as defendants in this matter. [Document # 15]. This Court further informed Plaintiff that, if he failed to serve Sobina and Miller within such time, this case would proceed solely against Defendant Lencer, and Defendant Lencer's motion to dismiss would be considered accordingly. A review of the docket indicates that neither Sobina nor Miller have been served in this case. As a result, these individuals will not be allowed as defendants in this case, and Defendant Lencer's Motion to Dismiss is now ripe for consideration

### B. Standards of Review
#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat

Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz.

### 2.     *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C.     Discussion

#### 1.     Standing

Plaintiff alleges that his constitutional rights have been violated by Defendant's failure to investigate the alleged assault that was committed against him and to file criminal charges against Plaintiff's alleged assailant, C.O. Coyne.

It is well established that a private citizen lacks standing to bring a lawsuit such as the present one. The U.S. Supreme Court has "...consistently [held] that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. ... [I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D. and Texas, et al., 410 U.S. 614, 619 (1995). See also Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 767 n.13 (2005).

Thus, to the extent Plaintiff is claiming that Defendant violated his constitutional rights by failing to investigate and file criminal charges related to the alleged assault against him, such claim should be dismissed due to Plaintiff's lack of standing.

#### 2.     Eleventh Amendment

Defendant argues that any claim for monetary damages against him in his official capacity as a Pennsylvania State Trooper is barred by the Eleventh Amendment's immunity provision.[2] This Court agrees. To the extent Plaintiff seeks monetary damages against Defendant, in his official capacity as a Pennsylvania State Trooper, his claims are barred by the

---

[2] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

Eleventh Amendment and should be dismissed.  See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985)(holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment).

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss [Document # 7] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  February 26, 2007